Filing # 56048110 E-Filed 05/05/2017 11:17:35 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2017-CA-304-O

MARIAH ROBERSON,

        Plaintiff,

v.

METRO CORRAL PARTNERS, LLC,
d/b/a GOLDEN CORRAL,

        Defendant.
_____/

## AMENDED COMPLAINT

    COMES NOW the Plaintiff, Mariah Roberson, individually, by and through the undersigned attorney and sues the Defendant Metro Corral Partners, LLC, d/b/a Golden Corral (hereinafter sometimes referred to as "Golden Corral"), and alleges as follows:

### The Parties

    1.    Plaintiff resides in Orlando, Florida. Plaintiff worked at the Defendant corporation as a server from approximately June 1, 2012 through approximately October 31, 2016.

    2.    At all times relevant to this action, Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

    3.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).

4. Upon information and belief, at all material times hereto, Defendant, Golden Corral, was a corporation duly licensed to transact business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

5. Upon information and belief, Defendant is an "enterprise engaged in interstate commerce" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a). Defendant has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is otherwise a covered entity under the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 et seq..

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110. This is an action for violation of the Florida Minimum Wage Act and FLSA with damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interests, costs, and attorney's fees.

7. Venue is proper in Orange County pursuant to Fla. Stat. § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### Nature of the Action

6. Defendant is the owner of Metro Corral Partners, LLC, d/b/a Golden Corral restaurant located in Orlando, Florida.

7. Plaintiff was employed as a Server by the Defendant, a "Tipped Employee" as

defined by the FLSA, from approximately June 1, 2012 through approximately October 31, 2016.

8. Section 3(m) of the FLSA permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage. For instance, in 2016 the Florida State Minimum Wage is $8.05, the statutorily permitted tip credit is $3.02, and the tipped minimum wage is $5.03.

9. As a result, Plaintiff is entitled to at least the applicable minimum wage for each hour worked where Defendant improperly applied the tip credit, rather than paying Plaintiff regular minimum wage.

10. Defendant has and continues to willfully violate the Fair Labor Standards Act by not paying the wages owed to Plaintiff.

11. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

12. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, in this specific instance a 'server', rather than the tasks performed at the direction of the Defendant.

## COUNT I: DUAL OCCUPATION - INCIDENTAL NON-TIPPED LABOR

13. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

14. At all relevant times, Defendant employed Plaintiff within the meaning of the Fair Labor Standards Act.

15. Plaintiff brings this action as a former hourly employee of the Defendant who

willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

16. Pursuant to U.S. Dept. of Labor, Field Operations Handbook Ch. 30d00(e), "The FLSA permits an employer to take the tip credit for some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. For example, a waitperson who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses is considered to be engaged in a tipped occupation even though these duties are not tip producing. However, where a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing related duties, no tip credit may be taken for the time spent in such duties."

17. The Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks exceeding twenty percent 20%, and when Plaintiff was required to perform non-server duties.

18. Defendant improperly utilized the tip credit and unjustly benefitted by saving the tip credit amount for each hour Plaintiff worked. With this great savings comes great responsibility. Plaintiff was not able to obtain tips or perform tip-generating work while being paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

19. In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate. Examples of such non-tipped generating labor which the plaintiff performed include:

    a. Bar set up assignments: Stocking and icing milk and cream; Stocking coffee, tea, bottled drinks; Brewing coffee and tea; Stocking glasses, straws, napkins,

coffee cups and saucers; and Cleaning soda dispenser nozzles.

b. Table set up, break down, and cleaning projects: Cleaning and wiping the wait station; Cleaning and wiping table tops; Cleaning and wiping chairs and booths; Aligning and straightening chairs; Taking down or putting up chairs; Setting tables – silverware, plates, glassware, napkins, caddies; Stocking sugar, sweeteners; Refilling salt and pepper; Cleaning condiment holders; Stocking or filling ketchup or table sauces; Rolling silverware; and Polishing silverware, organizing, or moving silverware to front of house.

c. Maintenance and janitorial undertakings: Placing trash cans in designated areas; Checking restrooms for cleanliness and supplies; Wiping water from sinks in restrooms; Dusting lamps, shelves, or picture frames in dining room; Performing general cleaning; Stocking printer paper, when back-up rolls were needed; Checking entry and wait area floors, and cleaning if necessary; Checking floors and sweeping and mopping if necessary; and Washing dishes.

20. The non-tipped work for which Plaintiff was paid at a tip credited rate exceeded twenty percent (20%) of each week worked by the Plaintiff.

21. In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's work week before, during, and after scheduled shifts. As such, full minimum wage for such time is owed.

22. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated the FLSA.

23. Defendant's conduct constitutes a willful violation of the FLSA.

24. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage for time spent working.

25. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

26. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

27. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under the Florida Minimum Wage Act and 29 U.S.C. §§ 206 and 207 et seq..

## COUNT II: DUAL OCCUPATION – LABOR UNRELATED TO TIPPED OCCUPATION

28. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

29. Defendant required that plaintiff perform certain dishwasher duties including but not limited to, stocking supplies such as glasses, straws, napkins, coffee cups and saucers; and organizing or moving silverware to the front of the house.

30. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

31. Defendant required that plaintiff perform certain janitorial duties including but not limited to, cleaning and wiping tables, chairs and booths; aligning, straightening, taking down, or putting up chairs; placing trash cans in designated areas; sweeping and mopping the floors; checking restrooms for cleanliness and supplies; and cleaning restrooms, condiment holders,

lamps, shelves, entryway, waiting area and other general cleaning.

32. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

33. Defendant required that plaintiff perform certain maintenance duties including but not limited to, performing extensive setup for banquets, special events, or large parties.

34. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

35. Defendant required that Plaintiff perform certain hostess duties including but not limited to, Seating customers at other server stations or performing host duties.

36. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

37. Defendant required that Plaintiff perform certain server assistant duties including but not limited to, assist other stations with their work; running food for other servers (tables outside your section).

38. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

39. These dual occupational tasks were not 'occasional', but were often in occurrence. These dual occupational tasks were regularly not related to tip related duties.

40. The "dual occupational" tasks listed in paragraphs supra are not customarily

and/or traditionally incidental, and are otherwise unrelated to, the job of a server or other tipped profession.

41. A "tip credit" of $3.02 was applied to Plaintiff's wage for time spent performing the duties described above in paragraphs 31 – 40.

42. Section 448.110(3) of the Florida Minimum Wage Act incorporate the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit".

43. Fla. Const. Art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA".

44. Defendant's conduct constitutes a willful violation of the FLSA and Florida Minimum Wage Act.

45. Defendant has and continues to willfully violate the FLSA and Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks which are not incidental to the occupation of server.

46. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

48. On November 18, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

49. Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT III: FLORIDA MINIMUM WAGE ACT – UNPAID WAGES

50. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

51. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110 and the Florida Constitution.

52. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

53. Plaintiff brings this action as a former Hourly Employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment.

54. Defendant engaged in the regular practice of requiring Plaintiff to work off the clock for approximately five (5) hours per work week.

55. As a result of Defendant willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c).

56. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c).

57. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

58. Defendant individually and/or through an enterprise or agent, directed and exercised

control over Plaintiff's work and wages at all relevant times.

59. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

60. On November 18, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought.

61. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, for the following relief:

   a. Declaring that Defendant has violated the minimum wage provisions of the Fair Labor Standards Act and Florida Minimum Wage Act;

   b. Declaring that Defendants' violation of the FLSA and FMWA were willful;

   c. Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FLSA and FMWA;

   d. Awarding the Plaintiff damages for all unpaid wages;

   e. Awarding the Plaintiff pre-judgment and post-judgment interest under the FLSA and FMWA;

   f. Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FLSA and FMWA;

    g. Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

    h. Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties of record via Florida E-Portal on this 5th of May, 2017.

Dated May 5th, 2017

                                        */s/ Michael L. Grossman*
                                        Michael L. Grossman, Esq.,
                                        Fla. Bar No. 0083536
                                        Cohen Grossman, Attorneys At Law
                                        350 N. Lake Destiny Road
                                        Maitland, FL 32751
                                        Telephone: 407-478-4878
                                        Facsimile: 407-478-0204
                                        Primary: plegrossman@itsaboutjustice.LAW
                                        Secondary: Danielle@itsaboutjustice.LAW
                                        Counsel for Plaintiff

# BakerHostetler

Baker&Hostetler LLP

SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432

T 407.649.4000
F 407.841.0168
www.bakerlaw.com

Ashley M. Schachter
direct dial: 407.649.4058

May 18, 2017

**VIA HAND DELIVERY**

The Honorable Keith White
Circuit Court Judge
Orange County Courthouse
425 N. Orange Avenue
Chambers Suite 1720
Orlando, FL 32801

Re: **Mariah Roberson v. Metro Corral Partners, LLC d/b/a Golden Corral**
**Case No.: 2017-CA-304-O**

Dear Judge White:

I am enclosing the Plaintiff and the Defendant's proposed orders on the Defendant's Motion to Dismiss in the above-referenced matter. The parties are presently unable to reach an agreement regarding a jointly proposed order despite good faith discussions. As such, attached please find separate proposed orders for your consideration. The Defendant's proposed order is attached as **Exhibit A**, and the Plaintiff's proposed order is attached as **Exhibit B**.

Respectfully submitted,

*Ashley Schachter*

Ashley M. Schachter

Enclosures

cc: Michael Grossman, Esq.
    Kevin Shaughnessy, Esq.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC