UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **MARIAH ROBERSON,**<br><br>           **Plaintiff,**<br>v.<br><br>**METRO CORRAL PARTNERS, LLC,**<br>d/b/a **GOLDEN CORRAL,**<br><br>           **Defendant.** | Case No.:  6:17-cv-1008-Orl-31GJK |

**RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**
**With Incorporated Memorandum of Law**

Plaintiff, MARIAH ROBERSON (Roberson), and Defendant, METRO CORRAL PARTNERS, LLC d/b/a GOLDEN CORRAL (Defendant) (all parties collectively referred to as the Parties), jointly request this Court to approve the Parties' settlement of the claims brought by Roberson in the above-captioned matter.  Because Roberson's claims arise under the Fair Labor Standards Act (FLSA), the Parties' settlement must be approved by this Court.  The proposed agreement (Settlement Agreement) is attached to this Motion as **Exhibit A**.

   I.      **Procedural Background**

In this action, Roberson alleges that her former employer, Defendant, improperly paid her as a tipped employee, in violation of the FLSA.  [Doc.1].  On October 20, 2017, the Parties filed their initial Joint Motion for Approval of Settlement Agreement.  [Doc. 43].  Due to conflicting travel schedules, the Parties submitted their proposed agreement to the Court with this motion, but the agreement had not yet been signed by the Parties.  [*Id.*]  On October 24, 2017, this Court entered its Order declining to approve the settlement agreement, and instructing the Parties to file a renewed motion for approval attaching a signed settlement agreement by November 13, 2017.

[Doc. 45]. The Court further ordered that if the parties wished to retain the no right to reemployment clause in their proposed agreement, the propriety of such a clause must be addressed in any subsequent motion to approve the agreement. The Parties now jointly file their Renewed Joint Motion for Approval of Settlement Agreement, attaching the signed Settlement Agreement from **Exhibit A**. The Parties note that they have removed the no right to re-employment clause from the Settlement Agreement.

## II.     Legal Principles

Claims under the FLSA can be settled and released by employees in two ways. First, under section 216(c), employees may settle and waive their FLSA claims if the Secretary of Labor supervises the employer's payment of unpaid wages to the employee. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in a private lawsuit brought by an employee against an employer under section 216(b), the employee may settle and release FLSA claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).  The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendants.  The proposed settlement arises out of an action brought by Roberson, against her former employer, which was adversarial in nature.  During the litigation and settlement of this action, Roberson was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues.  Specifically, there are issues as to whether Roberson is actually owed any unpaid wages, whether Defendant properly applied the tip-credit to all hours worked by Roberson as a server, and Defendant asserts that Roberson has been paid for all hours worked and that it properly paid Roberson at the reduced tip-credit rate. The Defendant's position is, therefore, that Roberson is not entitled to the relief she seeks.

This case was resolved by counsel for the Parties negotiating the Settlement Agreement. As part of that settlement, Roberson agreed to dismiss with prejudice her claims against the Defendant.  The settlement negotiated by the Parties reflects a reasonable compromise of the disputed issues.  Roberson and her counsel discussed the Plaintiff's alleged unpaid wages and pay rate and formulated their own proposed settlement figures.  Roberson and the Defendant then engaged in good faith settlement discussions, based upon their independent calculations. Specifically, based upon their respective estimates of Roberson's underlying claims and her claims for attorneys' fees and costs, Roberson and the Defendant negotiated a settlement representing full satisfaction of her claims– including attorneys' fees and costs, and consideration for execution of a general release of claims against the Defendant.

The Parties have resolved Roberson's recovery separate from attorney's fees and costs (albeit not *in seriatim*) so that Roberson's recovery was not compromised by attorney's fees/costs. *Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); *see also Nunnink v. Wholesale Pictures and Mirrors, LLC*, 2010 WL 338098 (M.D. Fla. Jan. 22, 2010); *Ammirati v. Lutheran Services Florida, Inc.*, 2010 WL 148724, *1 (M.D. Fla. Jan. 13, 2010); *Collins v. Lee County*, 2010 WL 571933, *1 (M.D. Fla. Feb. 16, 2010); *Jacobs v. Ort Services, Inc.*, 2010 WL 497382, *2 (M.D. Fla. Feb. 8, 2010) (all citing *Bonetti*). Additionally, Roberson has been issued separate consideration for the general release. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. As stated above, the Parties were advised and represented by counsel throughout the litigation and settlement process.

### III.     Conclusion

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

RESPECTFULLY SUBMITTED, this 15th day of November, 2017.

| *s/Michael L. Grossman* | *s/Ashley M. Schachter* |
|---|---|
| Michael L. Grossman | Kevin W. Shaughnessy |
| Florida Bar No.: 0083536 | Florida Bar No.: 0473448 |
| mgrossman@grossmanlaw.LAW | kshaughnessy@bakerlaw.com |
| shelby@grossmanlaw.LAW | Ashley M. Schachter |
| **GROSSMAN LAW, P.A.** | Florida Bar No.: 0119374 |
| P.O. Box 2591 | aschachter@bakerlaw.com |
| Orlando, Florida 32802 | **BAKER & HOSTETLER LLP** |
| Telephone: (407) 627-9909 | 200 South Orange Avenue |
| **COUNSEL FOR PLAINTIFF** | SunTrust Center, Suite 2300 |
| | Orlando, Florida 32802-0112 |
| | Telephone: (407) 649-4000 |
| | **COUNSEL FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Michael L. Grossman, Esq.
mgrossman@grossmanlaw.LAW
shelby@grossmanlaw.LAW
**GROSSMAN LAW, P.A.**
P.O. Box 2591
Orlando, Florida 32802
Telephone: (407) 627-9909
**COUNSEL FOR PLAINTIFF**

                                      *s/Ashley M. Schachter*
                                      Ashley M. Schachter