# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARIAH ROBERSON,

        **Plaintiff,**

v.                                                    Case No:   6:17-cv-1008-Orl-GJK

METRO CORRAL PARTNERS, LLC,
d/b/a GOLDEN CORRAL,

        **Defendant.**

---

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 48)** |
| **FILED:** | **November 15, 2017** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    BACKGROUND.

On June 5, 2017, this action was removed to this Court from the Ninth Judicial Circuit, in and for Orange County, Florida. Doc. No. 1. Plaintiff Mariah Roberson instituted this action against Defendant Metro Corral Partners, LLC, d/b/a Golden Corral, alleging violations of the Fair Labor Standards Act (the "FLSA") and the Florida Minimum Wage Act. Doc. No. 2. Plaintiff alleges that she was incorrectly paid as a "tipped employee," even though she performed duties for a significant period of her work time that tipped employees do not. *Id.* at ¶¶ 7, 17-21, 29-39, 47. On August 7, 2017, Defendant filed an answer denying Plaintiff's claims and asserting numerous

affirmative defenses. Doc. No. 20. On November 15, 2017, the parties filed a Renewed Joint Motion for Approval of Settlement Agreement with Incorporated Memorandum of Law (the "Motion"). Doc. No. 48. The signed "Settlement Agreement and Full and Final Release of All Claims" (the "Agreement") is attached to the Motion. Doc. No. 48-1. For the reasons that follow, the Court grants the Motion.

## II.    LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

      (1) the existence of collusion behind the settlement;
      (2) the complexity, expense, and likely duration of the litigation;
      (3) the stage of the proceedings and the amount of discovery completed;
      (4) the probability of plaintiff's success on the merits;
      (5) the range of possible recovery; and
      (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

307 F. App'x at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*.

## III.    ANALYSIS.

### A.  Settlement of Plaintiff's FLSA Claim.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. No. 48 at 3. In Plaintiff's answers to the Court's Interrogatories, Plaintiff claimed she was owed $1,208 in unpaid wages. Doc. No. 30-1 at 2. Under the Agreement, in exchange for a general release, Plaintiff agreed to accept a total settlement amount of $500.00, representing $200 for back wages, $200 for liquidated damages, and $100 as separate consideration for the release of all claims and the Agreement's terms and conditions. Doc. No. 48-1 at 2-3. Since Plaintiff is receiving less than the amount she claimed, Plaintiff compromised her claims under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014).

The case involves disputed issues regarding FLSA liability. Doc. No. 48 at 3. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

## B.  Attorney's Fees.

Under the Agreement, Plaintiff's counsel will receive $1,000 for attorney's fees and costs. Doc. No. 48-1 at 3. The parties represent that attorney's fees were negotiated separate and apart from Plaintiff's recovery. *Id.*; Doc. No. 48 at 4. The settlement is reasonable on its face, and the parties' foregoing representation adequately establishes the reasonableness of the attorney's fees under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228.

## C.  General Release.

The Agreement contains a general release of any and all claims Plaintiff may have against Defendant. Doc. No. 48-1 at 2-4. As set forth above, Plaintiff is receiving an additional $100 as consideration for the general release. *Id.* at 3.

Courts within this District have questioned the propriety of such provisions when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general

> release. Absent some knowledge of the value of the released claims,
> the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). Nevertheless, courts

approved such provisions when separate consideration was given. *See Middleton v. Sonic Brands*

*L.L.C.*, Case No. 6:13–cv–386–Orl–28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013)

(approving a settlement agreement providing $100 as separate consideration for a general release);

*Bright v. Mental Health Res. Ctr.*, No. 3:10–cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D.

Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general

release in exchange for the employer foregoing its counterclaims against her).

The Agreement clearly states that consideration was given for the general release. Doc. No.

48-1 at 3. In exchange for the general release, Plaintiff is to receive $100. *Id.* As mentioned above,

courts within this District approved these conditions when the plaintiff is provided separate

consideration. *See Middleton*, 2013 WL 4854767, at *3. Accordingly, the condition of the general

release is fair and reasonable.

## IV.    <u>CONCLUSION.</u>

Based on the foregoing, it is **ORDERED** as follows:

1. The Motion (Doc. No. 48) is **GRANTED**;

2. **This case is DISMISSED with prejudice**; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida, on November 16, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties